**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **Michael Martin**<br>1552 Greenville Road<br>**Columbus, Ohio 43223**<br><br>　　**Plaintiff,**<br><br>vs.<br><br>**Felbry College, LLC (aka Felbry College School of Nursing)**<br>**6055 Cleveland Ave.**<br>**Columbus, Ohio 43231**<br><br>and<br><br>**Feyisayo Tolani**<br>**7100 Armscote End**<br>**New Albany, Ohio 43054**<br><br>　　**Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CASE NO. 2:18 CV 404**<br><br>**JUDGE**<br><br><br><br>**COMPLAINT** |

　　Now comes Plaintiff, Michael Martin, by and through counsel, and for his Complaint against Defendant, Felbry College, LLC, aka Felbry College School of Nursing, hereby states and alleges as follows:

**PRELIMINARY STATEMENT**

　　1.　　Plaintiff brings this action for under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA") and to remedy violations of Ohio Wage and Hour Laws, O.R.C. 4111.01, et seq.

　　2.　　Plaintiff, Michael Martin ("Martin"), is an individual residing at 1552 Greenville Road, Columbus, Ohio 43223. Between July, 2017 and March, 2018, Martin worked for Defendant as a Clinical Coordinator.

1

3. Defendant, Felbry College, LLC aka Felbry College School of Nursing ("Felbry") is an Ohio limited liability company with its principal place of business located at 6055 Cleveland, Ave., Columbus, Ohio 43231.

4. Defendant, Feyisayo Tolani ("Tolani"), is an individual residing at 7100 Armscote End, New Albany, Ohio 43054.

## PARTIES, JURISDICTION, AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because the action involves a federal question under the FLSA.

6. The Court's jurisdiction is also predicated upon 28 U.S.C. ¶1337 as this Complaint raises claims pursuant to the laws of Ohio over which this Court maintains concurrent and/or supplemental jurisdiction.

7. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. ¶ 1391 because Defendant operates its business in this district and a substantial part of the events or omissions giving rise to each claim occurred in this district.

## FACTS COMMON TO THE ALLEGATIONS

8. Tolani is the "CEO" of Felbry according to Felbry's publicly available website.

9. Upon information and belief, Tolani is the founder, owner, and/or managing member of Felbry.

10. At all relevant times, Tolani was actively involved in managing all the operations of Felbry.

11. At all relevant times, Tolani had total control over Felbry's pay policies as well as the personnel and payroll decisions at Felbry.

12. Tolani had the power to stop any illegal pay practices that harmed Martin.

13. Tolani has the power to transfer the assets and liabilities of Felbry, to declare bankruptcy on behalf of Felbry, to enter into contracts on behalf of Felbry, and to close, shut down, and/or sell Felbry.

14. At all relevant times, Defendants were the employer of Martin as that term is defined by state and federal statutory law.

15. At all relevant times, Defendants are an enterprise engaged in commerce consisting of a school and/or institution of higher education which provides education in nursing and related fields with annual sales or business in excess of $500,000 per year.

16. At all relevant times, Defendants maintained control, oversight, and direction over Martin.

17. At all relevant times, Martin's primary job duties did not include:

   a. hiring, firing, promoting, or disciplining other employees;

   b. implementing management policies, practices, or procedures;

   c. committing Defendants in matters having significant financial impact; or

   d. determining the allocation of labor hours.

18. Defendants compensated Martin for his work on an hourly basis.

19. Defendants unlawfully classified Martin as "exempt" for the purposes of overtime compensation and, despite agreeing to pay Martin on an hourly basis, failed to compensate Martin for hours worked in excess of 40 hours per week while at the same time deducting Martin's pay on an hourly basis for hours worked that were less than 40 hours per week.

20. In addition, Martin was not provided certain mileage reimbursements as required.

21. Martin routinely worked more than 40 hours per week but was not paid the statutory overtime premium of one and one-half (1.5) times his regular hourly rate for his overtime hours.

22. Defendants willfully operated a scheme to deprive Martin of his compensation and mileage reimbursements by paying him less than what is required under state and federal law.

23. As an entity that has operated for eleven (11) years, Defendants were or should have been aware that Martin was entitled to proper payment of compensation.

24. Defendants knew Martin worked overtime hours without receiving proper overtime pay because Defendants required Martin to record, sign, and submit his bi-weekly work hours.

25. Defendants were aware, or should have been aware, of their unlawful payment practices and recklessly chose to disregard the consequences of their actions.

**First Cause of Action: Failure to Pay in Violation of FLSA**

26. Plaintiff hereby incorporates the allegations contained in all paragraphs of this Complaint as if fully rewritten herein.

27. 29 U.S.C §207 requires covered employers like Defendants to pay non-exempt employees like Martin no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

28. Martin regularly worked more than forty (40) hours per week for Defendants but Defendants did not properly compensate Martin for his overtime hours as required by the FLSA.

29. Defendants have not made a good-faith effort to comply with the FLSA as it relates to the compensation of Martin.

30. Defendants knew Martin worked overtime without proper compensation and willfully failed and refused to pay Martin wages at the required overtime rate pursuant to 29 U.S.C. § 255.

31. Defendants' willful failure and refusal to pay Martin overtime wages for time worked violates 29 U.S.C. § 207.

32. As a direct and proximate result of Defendants' unlawful conduct, Martin has suffered and will continue to suffer a loss of income and other damages including but not limited to overtime compensation and other wages in amounts to be determined at trial. Martin is entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

**Second Cause of Action: Failure to Pay in Violation of Ohio Minimum Wage Standards Act**

33. Plaintiff hereby incorporates the allegations contained in all paragraphs of this Complaint as if fully rewritten herein.

34. Despite being paid on an hourly basis, Martin routinely worked more than forty (40) hours per week and was not compensated for his overtime hours worked.

35. Defendants knew Martin worked overtime hours because they required him to record, sign, and submit his bi-weekly work hours.

36. By not paying Martin for his time worked in excess of forty (40) hours per week, Defendants violated the Ohio Minimum Wage Standards Act.

37. As a result of Defendants' violations, Martin is entitled to damages, including, but not limited to, unpaid wages, overtime wages, attorney's fees, and costs.

**Third Cause of Action: Untimely Payment of Wages in Violation of O.R.C. § 4113.15**

38. Plaintiff hereby incorporates the allegations contained in all paragraphs of this Complaint as if fully rewritten herein.

39. During all relevant times, Felbry was an entity covered by the Prompt Pay Act, O.R.C. § 4113.15 and Martin was an employee who was not exempt from its protections.

40. Martin's wages and reimbursements have remained unpaid for more than thirty (30) days beyond his regularly scheduled paydays.

41. In violation of Ohio law, Felbry acted willfully, without a good faith basis, and with reckless disregard for Ohio law.

42. As a result of Felbry's willful violation, Martin is entitled to unpaid wages and liquidated damages as stated in O.R.C. § 4113.15.

WHEREFORE, Plaintiff, Michael Martin, prays for the following relief:

1. Unpaid overtime pay, and an additional amount as liquidated damages and any other statutory penalties pursuant to the FLSA and supporting regulations;

2. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the Ohio Minimum Wage Standards Act, and O.R.C. § 4113.15;

3. An award of unpaid overtime wages under the Ohio Minimum Wage Standards Act;

4. An award of unpaid mileage reimbursements;

5. Liquidated damages under O.R.C. § 4113.15;

6. An award of pre-judgment and post-judgment interest;

7. An award of costs and expenses in this action, together with reasonable attorney's fees and expert fees; and

8. Such other legal and equitable relief as the Court deems appropriate.

                                            Respectfully submitted,

                                            */s/ Michael Hrabcak*
                                            Michael Hrabcak (Trial Counsel) (0055716)
                                            Benjamin B. Nelson            (0083292)
                                            HRABCAK & COMPANY, L.P.A.
                                            67 East Wilson Bridge Road, Suite 100
                                            Worthington, Ohio 43085
                                            (614) 781-1400; (614) 781-1171 fax
                                            E-mail: mike@hrabcaklaw.com
                                            E-mail: ben@hrabcaklaw.com
                                                *Counsel for Plaintiff,*
                                                *Michael Martin*

Z:\SHARE\Client\Martin, Michael\2018-04-26.Complaint.Final.Docx