**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL MARTIN, | : | Case No. 2:18 CV 404 |
| *Plaintiff,* | : | JUDGE MARBLEY |
| | : | MAGISTRATE JUDGE VASCURA |
| v. | : | |
| FELBRY COLLEGE, LLC, et al., | : | |
| *Defendants.* | : | |

**DEFENDANTS FELBRY COLLEGE, LLC AND FEYISAYO TOLANI'S ANSWER TO COMPLAINT AND COUNTERCLAIM**

**FIRST DEFENSE**

Now come Defendants Felbry College, LLC, and Feyisano Tolani ("Defendants") by and though undersigned counsel and for their Answer to Plaintiff Michael Martin, (Plaintiff) Complaint ("Complaint") hereby makes the following admissions, denials and averments:

1. The allegations in paragraph 1 of the complaint call for legal conclusions and no response is required.

2. Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 2 of the complaint as to the current address of Plaintiff.  Defendants admit the allegation that Plaintiff worked for Defendant, Felbry.

3. Defendants admit the allegations contained in paragraph 3 of the complaint.

4. Defendants admit the allegations contained in paragraph 4 of the complaint.

5. The allegations in paragraph 5 of the complaint call for legal conclusions and no response is required.

6. The allegations in paragraph 6 of the complaint call for legal conclusions and no response is required.

7. The allegations in paragraph 7 of the complaint call for legal conclusions and no response is required.  However, Defendants would indicate that the allegation in paragraph 7 of the

complaint alleges that venue is proper in the District Court for the Northern District as opposed to the Southern District where this matter is currently filed.

8. Defendants admit the allegations contained in paragraph 8 of the complaint.

9. Defendants admit the allegations contained in paragraph 9 of the complaint.

10. Defendants admit the allegations contained in paragraph 10 of the complaint.

11. Defendants deny the allegations contained in paragraph 11 of the complaint as to the allegation of "total" control.

12. The allegation contained in paragraph 12 seeks a legal conclusion as to illegality. Defendants therefore deny the allegations contained in paragraph 12 of the complaint.

13. The allegations contained in paragraph 13 seek a legal conclusion. Defendants therefore deny the allegations contained in paragraph 13 of the complaint.

14. The allegations contained in paragraph 14 seek a legal conclusion. Defendants therefore deny the allegations contained in paragraph 14 of the complaint.

15. The allegations contained in paragraph 15 seek a legal conclusion. Defendants therefore deny the allegations contained in paragraph 15 of the complaint.

16. The allegations contained in paragraph 16 seek a legal conclusion. Defendants therefore deny the allegations contained in paragraph 16 of the complaint.

17. Defendants admit the allegations contained in paragraph 17 of the complaint.

18. Defendants admit the allegations contained in paragraph 18 of the complaint.

19. Defendants deny the allegations contained in paragraph 19 of the complaint.

20. Defendants deny the allegations contained in paragraph 20 of the complaint.

21. Defendants deny the allegations contained in paragraph 21 of the complaint.

22. Defendants deny the allegations contained in paragraph 22 of the complaint.

23. Defendants admit that they have operated the business but deny the allegations as to plaintiff contained in paragraph 23 of the complaint.

24. Defendants deny the allegations contained in paragraph 24 of the complaint.

25. Defendants deny the allegations contained in paragraph 25 of the complaint.

26. Defendants incorporate by reference all previous answers, admissions, denials and averments as if fully restated herein.

27. The allegations contained in paragraph 27 seek a legal conclusion, therefore no admission or denial is averred.

28. Defendants deny the allegations contained in paragraph 28 of the complaint.

29. Defendants deny the allegations contained in paragraph 29 of the complaint.

30. Defendants deny the allegations contained in paragraph 30 of the complaint.

31. The allegation contained in paragraph 31 seeks a legal conclusion. Defendants therefore deny the allegations contained in paragraph 31 of the complaint.

32. Defendants deny the allegations in paragraph 32 of the complaint.

33. Defendants incorporate by reference all previous answers, admissions, denials and averments as if fully restated herein.

34. Defendants deny the allegations contained in paragraph 34 of the complaint.

35. Defendants deny the allegations contained in paragraph 35 of the complaint.

36. Defendants deny the allegations in paragraph 36 of the complaint.

37. Defendants deny the allegations contained in paragraph 37 of the complaint.

38. Defendants incorporate by reference all previous answers, admissions, denials and averments as if fully restated herein.

39. The allegations contained in paragraph 39 seek a legal conclusion. Defendants therefore deny the allegations contained in paragraph 39 of the complaint.

40. Defendants deny the allegations contained in paragraph 40 of the complaint.

41. Defendants deny the allegations contained un paragraph 41 of the complaint.

42. Defendants deny the allegations contained in paragraph 42 of the complaint.

43. Defendants deny plaintiff's prayer for relief.

## SECOND DEFENSE

44. Plaintiff has failed to state a claim upon which relief can be granted.

## THIRD DEFENSE

45. Plaintiff's claims are barred by the Statute of Limitations.

### FOURTH DEFENSE

46. Plaintiff is estopped from bring the claims alleged in the complaint.

### FIFTH DEFENSE

47. Plaintiff has failed to exhaust administrative remedies.

### SIXTH DEFENSE

48. Plaintiff's claims are barred by illegality.

### SEVENTH DEFENSE

49. Plaintiff's claims are barred by the doctrine of unclean hands.

### EIGHTH DEFENSE

50. Plaintiff's claims are barred by the failure to mitigate damages.

### NINTH DEFENSE

51. Defendants reserve the right to raise additional affirmative defenses pursuant to discovery and/or investigation and to amend their answer and raise any defense under state or federal law.

**WHEREFORE**, Defendants demand that the complaint be dismissed and that Defendants be awarded attorney fees and all other expenses in defense of the complaint as well as any further remedy, either in law or equity which the Court deems just.

## COUNTERCLAIM

Now comes Felbry College, LLC and Feyisayo Tolani and for their Counterclaim against Plaintiff Michael Martin allege the following:

## FACTUAL BACKGROUND

1. Plaintiff was hired by Felbry on July 27, 2017 as a clinical coordinator.

2. In the role as clinical coordinator it was Plaintiff's responsibility to coordinate and manage relationships between Felbry and clinical providers who Felbry would place students with for educational internships and employment.

3. Plaintiff was paid an hourly wage for documented work hours pursuant to Felbry's internal policies and procedures of which Plaintiff was aware and continuously advised of by Defendants.

4. Over the course of his employment, Plaintiff would routinely come to work late, leave early and inadequately and/or inaccurately document his work hours and work production.

5. These inaccuracies included taking off time during the work day and claiming overtime hours that had not been approved and were unverifiable by his supervisors.

6. On February 8, 2018 Felbry was engaged in the credentialing process which is vital to the ongoing operations and accreditation of Felbry as a college of nursing.

7. On February 8, 2018, while the representatives from the credentials body was in the building, Plaintiff became verbally, and ultimately physically, aggressive with Felbry employees and its owner.

8. Plaintiff took it upon himself to interrupt the credentialing process and make false statements and allegations to the accreditors about Defendants.

9. Based on his behavior on February 8, 2018 and his other employment issues detailed herein, Plaintiff's employment with Felbry was terminated on February 8, 2018.

10. In his role with Felbry, Plaintiff had access to protected student records as well as confidential and proprietary business records of Felbry and Tolani.

11. On February 8, 2018 Plaintiff provided student records to a student in violation of Felbry's internal policy to ensure student records are protected and maintained.

12. After his termination but still on February 8, 2018, Plaintiff's supervisor found Plaintiff at his cubicle downloading Felbry's business information and records.

13. When his supervisor informed Plaintiff he could not take those records, Plaintiff physically pushed his supervisor into the wall of the cubicle.

14. After this physical altercation, Plaintiff left the premises.

15. On February 8, 2018 Plaintiff returned to the school after he had called the police so that he could gather the rest of his personal items from his cubicle.

16. While gathering his personal items, his supervisor noticed documents belonging to Felbry in Plaintiff's possession.

17. These documents were identifiable as Felbry documents and not belonging to Plaintiff.

18. Plaintiff's supervisor indicated to Plaintiff he could not take the documents with him but based on the police presence and the previous physical altercation, his supervisor did not try to acquire the documents belonging to Felbry.

19. Plaintiff has since filed a fraudulent worker's compensation claim representing that he was the individual who was pushed and injured as a result.

20. Additionally, Plaintiff has made public comments about Felbry through social media that are untrue and damaging to Felbry.

## COUNT I: INJUNTIVE RELIEF

21. Defendants repeat and reiterate every allegation contained in paragraphs 1 through 20 above.

22. Plaintiff has engaged in conduct in violation of Ohio's Uniform Trade Secret Act.

23. Plaintiff's conduct has and continues to cause damages, the extent of which are unknown based on Plaintiff's actions, and for which Defendants have no adequate remedy at law.

24. The harm to Defendants outweighs any harm to Plaintiff from the issuance of an injunction.

25. Defendants have a substantial likelihood of prevailing on the merits of the claims in this action.

26. Injunctive relief in this matter is in the public interest.

27. Accordingly, Defendants are entitled to injunctive relief enjoining Plaintiff and any person or entity in active concert or participation with Plaintiff, from misappropriating, using or disseminating in any manner Defendant's trade secrets.

## COUNT II: VIOLATION OF THE OHIO UNIFORM TRADE SECRETS ACT

28. Defendants repeat and reiterate every allegation contained in paragraphs 1 through 29 above.

29. Defendants bring this claim pursuant to Ohio's Uniform Trade Secrets Act , Ohio Revised Code §§1333.61, *et seq.*

30. Plaintiff Michael Martin willfully and maliciously misappropriated trade secrets in the form of student records and information as well as other related business records that are of economic value to Defendants and not readily accessible and ascertainable by others through proper means.

31. Defendants have taken steps to protect their trade secrets and valuable information.

32. Former employees owe a duty to maintain the secrecy of trade secrets.

33. Defendants have suffered damages due to Plaintiff's conduct and based on the malicious nature of Plaintiff's conduct are due punitive or exemplary damages pursuant to statute.

**WHEREFORE**, Defendants and Counterclaim Plaintiffs, Felbry College LLC and Feyisayo Tolani demand judgment against Plaintiff Michael Martin as follows;

1. Compensatory damages in excess of $25,000.00;

2. A preliminary and permanent injunction against Plaintiff from the use or dissemination of any documents, either paper or electronic of Defendants;

3. Punitive damages in an amount to be determined by a jury;

4. Any and all costs, including attorney fees, as well as any and all relief in equity incurred in the defense of this action.

## JURY DEMAND

Defendants demands a trial by jury on all aspects of Plaintiff's Complaint and the Counterclaim.

        Respectfully submitted,

        /s/ Zachary Swisher
Zachary M. Swisher (0076288)
**SYBERT, RHOAD, LACKEY & SWISHER, LLC**
ATTORNEYS AND COUNSELORS AT LAW
153 South Liberty Street
Powell, Ohio 43065
Telephone: (614) 785-1811
Facsimile: (614) 785-1069
E-Mail: zach@law153group.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

Undersigned counsel for Defendants Felbry College, LLC and Feyisayo Tolani hereby certifies that on July 11, 2018 a copy of the foregoing *Defendants Felbry College, LLC and Feyisayo Tolani's Answer to the Complaint and Counterclaim* was served upon all parties to this action via the e-filing system of United States District Court, Southern District of Ohio Clerk of Courts.

/s/ Zachary M. Swisher

_____
Zachary M. Swisher (0076288)